UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CHRISTOPHER GARCIA, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-8 |
| § | |
| STEVEN C. MCCRAW, *et al*, § | |
| § | |
| Respondents. § | |

**MEMORANDUM AND RECOMMENDATION**

Petitioner, represented by counsel, filed a petition for writ of habeas corpus on January 8, 2014, asserting that he is actually innocent of the charges of which he was convicted. Petitioner further asserts that his due process rights were violated when his state habeas action was decided without an evidentiary hearing. On May 6, 2014, Respondent, acting as amicus curiae, filed a motion to dismiss, noting that Petitioner is no longer in custody on the state conviction (D.E. 8). Petitioner did not respond to the motion. As discussed more fully below, it is respectfully recommended that Respondent's motion be GRANTED. It is further recommended that any request for a Certificate of Appealability be DENIED.

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331.[1]  Petitioner was convicted in Nueces County, Texas.  28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

On September 6, 2005, in the 28th District Court of Nueces County, Texas, Petitioner was convicted after pleading no contest to two counts of sexual assault of a child and two counts of indecency with a child by touching.  The plea was entered as part of a plea agreement in which it was recommended that Petitioner serve a term of eight years for all the counts.  *Ex Parte Garcia*, WR-78,549-01, Event Date 10/15/2012 at 109-114 (D.E. 5-1 at 113-118).  The victim in the case was 12 years old when she made an outcry statement to her school counselor.  During an investigation of the case, the victim said that Petitioner, her maternal uncle, had sexually assaulted her repeatedly over the previous five years (Offense Report, Ex Parte Garcia, WR-78,549-01 at 73-79; D.E. 5-1 at 77-83).

On December 22, 2010, the victim stated in an affidavit that she had lied when she said Petitioner sexually assaulted her.  She said her step-father had pressured her to invent the allegations of sexual abuse as part of a long-standing feud he had with the victim's mother's side of the family.  The step-father hit her with his fists and a guitar,

---

[1] Although it is recommended that petitioner's cause of action be dismissed because this Court does not have jurisdiction, "[a] bedrock principle of federal courts is that they jurisdiction to determine jurisdiction."  *Cargill Ferrous Intern. v. SEA PHOENIX MV*, 325 F.3d 695, 704 (5th Cir. 2003).

pulled her hair and kicked her, all in an effort to convince her to report that Petitioner had abused her. The victim said she falsely accused Petitioner in an effort to end the abuse by her step-father. *Ex Parte Garcia*, WR-78,549-01 at 16-18 (D.E. 5-1 at 20-22). The victim's grandmother, who is also Petitioner's mother, stated via affidavit that the victim had told her she fabricated the assault claims. *Id.* at 19 (D.E. 5-1 at 23).

Petitioner filed a state application for habeas corpus relief on June 8, 2011, arguing that he was actually innocent of the crime, based on the victim's recantation. *Ex Parte Garcia*, WR-78,549-01 at 2-13 (D.E. 5-1 at 6-17). The State filed an answer asking the Court to enter an order designating issues in the case and the Court did so on July 11, 2011. The issue to be determined was whether Petitioner had presented a cognizable, meritorious claim of actual innocence. *Ex Parte Garcia*, WR-78,549-01 at 25 (D.E. 5-1 at 29).

On May 14, 2012, Petitioner filed a motion for a hearing on his application (D.E. 5-3 at 5-6). On July 24, 2012, the State filed a supplemental answer, setting forth evidence and arguing that the recantation was not credible. *Ex Parte Garcia*, WR-78,549-01 at 37-51 (D.E. 5-1 at 41-55). On July 25, 2012, the trial court entered findings of fact and conclusions of law and recommended that habeas relief be denied. *Ex Parte Garcia*, WR-78,549-01 at 65 (D.E. 5-1 at 69). Neither Petitioner nor his counsel received notice that the trial court had acted until October 11, 2012 (D.E. 1-2 at 36). In the meantime, Petitioner had sent a second request for a hearing on September 18, 2012. *Ex Parte Garcia*, WR-78,549-01 at 115-116 (D.E. 5-1 at 119-120).

On October 12, 2012 Petitioner filed a third request for a hearing along with a motion to set aside the findings of fact, conclusions of law and recommendations of the trial court and a motion to supplement the habeas record. *Ex Parte Garcia*, WR-78,549-01, Event Date 10/29/12 (D.E. 5-3 at 11-14). The State responded to the motions on October 22, 2012, *Ex Parte Garcia*, WR-78-549-01, Event Date 12/03/2012 at 2-7 (D.E. 5-5 at 5-10), and November 15, 2012. *Ex Parte Garcia*, WR-78,549-01, Event Date 11/20/2012 (D.E. 5-4 at 3-7).

On November 13, 2012 the trial court granted the motion for a hearing and set the matter for a hearing on December 13, 2012. *Ex Parte Garcia*, WR-78-549-01, Event Date 12/03/2012 at 8 (D.E. 5-5 at 11). However, on November 15, 2012, before the scheduled hearing, the trial court entered a supplemental order that the clerk transmit Petitioner's objections to the findings of fact and conclusions of law along with the State's responses as a supplemental writ transcript to the Clerk of the Court of Criminal Appeals. *Ex Parte Garcia*, WR-78-549-01, Event Date 12/03/2012 at 9 (D.E. 5-5 at 12). The previously ordered hearing was never held. On January 9, 2013 the Texas Court of Criminal Appeals denied the writ application on the findings of the trial court without a hearing. *Ex Parte Garcia*, WR-78-549-01, Event Date 10/15/2012 at "Action Taken" page (D.E. 5-1 at 2).

Petitioner filed the instant habeas petition on January 8, 2014 (D.E. 1). He argues that he is actually innocent of all the charges on which he pleaded no contest and was found guilty. In addition, Petitioner challenges the state court's failure to provide him with an evidentiary hearing during his state habeas action. In the motion to dismiss,

Respondent argues that this Court lacks jurisdiction because the Petitioner has been released from custody.

## APPLICABLE LAW

### A. Jurisdiction

A federal court may not entertain a petition for writ of habeas corpus filed by a state prisoner unless he is *in custody* in violation of the Constitution, laws or treaties of the United States.  28 U.S.C. § 2254(a)(emphasis added).  If a petitioner's sentence has completely expired at the time he files an action for habeas relief, he is not "in custody" under that conviction for purposes of the statute.  *Hendrix v. Lynaugh*, 888 F.2d 336, 338 (5th Cir. 1989)(citing *Maleng v. Cook*, 490 U.S. 488, 491 (1989)).  Prior to filing this habeas action, Petitioner was released from custody after serving his eight-year sentence.  Accordingly, this Court lacks jurisdiction to hear his claim.[2]

### B. Failure to Hold Evidentiary Hearing

Petitioner also contends that he is entitled to habeas relief because the state habeas court failed to hold an evidentiary hearing.  Even if the Court had jurisdiction over this matter, Petitioner would not be entitled to relief.  Infirmities in state habeas proceedings do not constitute grounds for federal habeas relief.  *In re Gentras*, 666 F.3d 910, (5th Cir. 2012).  Petitioner is not entitled to habeas corpus relief based on the actions of the state habeas court and this claim should be dismissed with prejudice.

---

[2] Nor does the fact that Petitioner must register as a sex offender place him "in custody" for purposes of the jurisdiction requirement.  *Sullivan v. Stephens*, No. 4:13-CV-135-Y, 2013 WL 3927635 (N.D. Tex. 2013)(collecting cases).

### C. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. Daniel*, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed or denied on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S.Ct. at 1604, 529 U.S. at 484.

In Petitioner's case, it is recommended that his claims be denied because the Court lacks jurisdiction and because he has failed to state a claim for habeas relief. Reasonable jurists would not find the assessment of the claims debatable or wrong. If the district court orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for its issuance.

## **RECOMMENDATION**

Based on the foregoing, it is respectfully recommended that Respondent's Motion to Dismiss (D.E. 8) be GRANTED and Petitioner's application for habeas corpus relief be DISMISSED. It is further recommended that a Certificate of Appealability be denied.

Respectfully submitted this 20th day of June, 2014.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).